**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEVAG SAGHERIAN, | |
| Plaintiff, | Case No.: 2:23-cv-00497-GMN-DJA |
| vs. | **ORDER GRANTING MOTION TO DISMISS** |
| CITY OF HENDERSON, *et al.*, | |
| Defendants. | |

Pending before the Court is Defendants Officer Denzell Jones, Officer F. Gibson, and the City of Henderson's Motion to Dismiss, (ECF No. 15). Plaintiff Sevag Sagherian filed a Response, (ECF No. 18), to which Defendants filed a Reply, (ECF No. 20).

Also pending before the Court is Plaintiff's Motion for Leave to File a Sur-Reply, (ECF No. 22).

The Court GRANTS Defendants' Motion to Dismiss because Plaintiff fails to allege facts demonstrating he was falsely arrested without probable cause in violation of his Fourth Amendment rights, and as a result, cannot show the necessary underlying constitutional violation to bring his *Monell* claim. The Court also DENIES Plaintiff's Motion for Leave to File a Sur-Reply[1] because Plaintiff has not shown exception or extraordinary circumstances warranting a sur-reply.

///
///
///
///

---

[1] The Court has reviewed the arguments Plaintiff intends to make in his proposed sur-reply and notes that the arguments presented would not have altered the Court's conclusion to grant Defendants' Motion to Dismiss.

## I. BACKGROUND

This case arises from Plaintiff's contention that Defendants Officer Jones and Officer Gibson arrested him without probable cause after he contacted his ex-wife, Mary Sagherian, in violation of an Extended Protected Order ("EPO").[2] (*See generally* Compl., ECF No. 1). Plaintiff and Mary share custody of their two minor sons. (*Id.* at 4). Pursuant to the EPO, Plaintiff is only allowed to contact Mary through a court approved "[T]alking Parent" app. (*Id.* at 4, 7); (*see* EPO at 1, Ex. 3 to Mot. Dismiss, ECF No. 15-1) (otherwise prohibiting "personal, electronic, telephonic, or written contact" with Mary). The EPO further provides that Plaintiff "must have no contact with [Mary] . . . through a third party . . . ." (EPO at 1, Ex. 3 to Mot. Dismiss). The specific facts underlying Plaintiff's arrest as alleged in Plaintiff's Complaint are as follows.

On April 5, 2021, Plaintiff dropped his younger son, M.S., off at Mary's residence for a few hours. (*Id.* at 4). Throughout the day, Plaintiff "attempted numerous times to contact [M.S.] on his cell phone," but got no reply that "day . . . or the next day." (*Id.*). Plaintiff alleges that he contacted Mary through the Talking Parent app to inquire why M.S. was not responding, but Mary "made several excuses" before she ceased communicating with Plaintiff. (*Id.*).

Plaintiff then contacted the Henderson Police Department. (*Id.* at 7). Plaintiff asserts that he informed Officer Denzell Jones of the EPO and explained that he did not want to violate the EPO by going to Mary's residence. (*Id.*). Officer Jones allegedly told Plaintiff that "he (Officer Jones) could call Mary or go to her residence and have [M.S.] contact Plaintiff via a video call." (*Id.*). Plaintiff requested that Officer Jones go to Mary's residence. (*Id.*). Officer Jones

---

[2] The Court takes judicial notice of the EPO issued by the Superior Court of California, County of Los Angeles that is attached to Defendant's Motion to Dismiss. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

and Officer Gibson went to Mary's residence, where she allegedly informed them that "Plaintiff was harassing her by contacting the police." (*Id.*). Officer Jones and Officer Gibson then went to Plaintiff's residence and arrested him for violating the EPO. (*Id.*).

Plaintiff was charged with Violation of an Extended Protective Order under NRS 33.100 in state court for "call[ing] and/or text[ing] Mary Sagherian one or more times, after ordered not to by an [EPO]."[3] (Criminal Compl. at 1, Ex. 2 to Mot. Dismiss, ECF No. 15-2). Plaintiff chose to "plead nolo contendere to violating the EPO in order to avoid a possible jail sentence."[4] (Compl. at 7). Plaintiff subsequently filed this lawsuit, alleging claims for false arrest in violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 because Officer Jones and Officer Gibson purportedly arrested him without probable cause. (*See generally id.*). Plaintiff also asserted a claim for *Monell* liability pursuant to 42 U.S.C. § 1983 against the City of Henderson. (*See generally id.*). Defendants now move to dismiss. (Mot. Dismiss, ECF No. 15).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[3] The Court also takes judicial notice of the state-court criminal complaint attached to Defendant's Motion to Dismiss. *See Borneo, Inc.*, 971 F.2d at 248.

[4] The Court further takes judicial notice of Plaintiff's state-court nolo contendere plea. (Nolo Contendere Plea at 1, Ex. 3 to Mot. Dismiss, ECF No. 15-3); *see Borneo, Inc.*, 971 F.2d at 248.

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

///

## III. DISCUSSION

Defendants now move to dismiss all claims. (*See generally* Mot. Dismiss). The Court begins by examining Plaintiff's false arrest claim.

### A. Fourth Amendment False Arrest Claim

A claim for unlawful arrest is "cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. Cty. & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001). Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been committed by the person being arrested. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam).

Defendants argue that Plaintiff's "threadbare and conclusory allegations" fail to state a claim for false arrest because "the circumstances show [Defendants] had probable cause to believe Plaintiff had violated" the EPO. (Mot. Dismiss 2:26–3:1). In response, Plaintiff avers that Defendants' argument ignores his allegations that he communicated with Mary through the court-approved Talking Parent app, (Resp. 2:5–7, ECF No. 18), and that "'no prudent person' with 'reasonable caution' would have concluded that Plaintiff calling the police for a wellness check for his minor son would constitute 'harassment' of Mary in violation of the [EPO]." (*Id.* 4:13–18). In effect, Plaintiff argues that Defendants lacked probable cause to arrest him because he committed no violation of the EPO.[5] The Court agrees with Defendants that Plaintiff's Complaint fails to allege a false arrest claim for two reasons.

---

[5] While not raised by Defendants, the Court separately observes that Plaintiff's contentions facially violate *Heck v. Humphrey*, 512 U.S. 477 (1994), because the success of his claim would necessarily imply the invalidity of his underlying nolo contedere plea. *See, e.g.*, *Briseno v. City of W. Covina*, 2023 WL 2400833, at *1 (9th Cir. Mar. 8, 2023) (affirming that plaintiff's excessive force claim was *Heck*-barred based on no contest plea). Based on the limited allegations in Plaintiff's Complaint, it does not appear that two isolated factual contexts exist, the first giving rise to criminal liability on the part of him as a criminal defendant, and the second giving rise to civil liability on the part of the arresting officers and city. Instead, the facts supporting Defendants' probable cause determination are the same as the facts supporting Plaintiff's underlying conviction, *i.e.*, that Plaintiff contacted Mary in violation of the EPO. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ("Wrongful arrest,

First, Plaintiff's Complaint merely asserts that Defendants lacked probable cause without supporting allegations demonstrating Defendants' actions were without justification. For example, Plaintiff avers that he told Officer Jones there "was an [EPO] between him and [Mary], and that he did not want to violate the [EPO] by going to her residence." (Compl. at 7). This allegation shows that Officer Jones knew Plaintiff could not physically go to Mary's residence but does not otherwise lend itself to the reasonable inference that Officer Jones knew of the EPO's material terms. When Officer Jones and Officer Gibson arrived at Mary's residence, she informed them that Plaintiff violated the EPO by contacting law enforcement for a wellness check. (Compl. at 7). Plaintiff's Complaint does not allege that it was unreasonable for Officer Jones and Officer Gibson to rely on Mary's representation that the EPO was violated when Plaintiff only informed them that the EPO prohibited Plaintiff from physically going to Mary's residence, and the Court will not assume it was unreasonable. *See In re Cutera Sec. Litig*, 610 F.3d 1103, 1108 (9th Cir. 2010) ("[A]llegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim.") (internal citation omitted). Mary, as a party to the EPO, is a reliable source of information as to the EPO's material terms that could lead law enforcement to believe an offense had been committed. *Fayer*, 649 F.3d at 1064.

Second, even when drawing all reasonable inferences in Plaintiff's favor, his Complaint tacitly concedes that a violation of the EPO occurred. The EPO provided that Plaintiff "must

---

malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against Guerrero could not have occurred unless he were innocent of the crimes for which he was convicted."); *Quintana v. Gates*, 2004 WL 1661540, *7 (C.D. Cal. July 27, 2004) ("When the facts supporting the officers' probable cause determination are the same as the facts supporting the plaintiff's conviction, a finding that the officers lacked probable cause would 'necessarily imply the invalidity' of the plaintiff's conviction."). Because Defendants do not contend that Plaintiffs' false arrest claim is *Heck*-barred in their Motion to Dismiss, however, the Court refrains from deciding whether the *Heck* doctrine applies at this time.

[5] The Court declines to address the merits of Defendants' remaining arguments.

have no contact with [Mary] . . . through a third party . . . ." (EPO at 1, Ex. 3 to Mot. Dismiss). By requesting law enforcement conduct a wellness check at Mary's home, Plaintiff contacted Mary through a third party in violation of the EPO, albeit perhaps not intentionally. In sum, Plaintiff has not alleged that his arrest was without probable cause or justification. Accordingly, the Court will dismiss Plaintiff's false arrest claim. But because Plaintiff may be able to cure his false arrest claim with additional allegations, the Court dismisses this claim without prejudice.[6] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

### B. *Monell* Liability

Defendants next argue that Plaintiff's *Monell* claim should be dismissed for lack of an underlying constitutional violation, and even if there was such violation, Plaintiff fails to identify a policy, training, or custom employed by the City of Henderson which caused the constitutional violation. (Mot. Dismiss 14:24–16:6). In response, Plaintiff acknowledges that his Complaint fails to include allegations to support municipal liability and therefore "consents to dismissal with leave to amend." (Resp. 11:7–9).

Following the Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of City of New York*, an individual may prevail in a § 1983 action against municipalities if the underlying unconstitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978). Thus, *Monell* liability "may not be imposed absent an underlying violation of the plaintiff's rights that is related to an official policy or custom in question." *Benas v. Baca*, 159 F. App'x 762, 768 (9th Cir. 2005). Because the Court dismisses Plaintiff's false arrest claim, he has not

---

[6] The Court declines to address the merits of Defendants' remaining arguments.

shown an underlying constitutional violation necessary to maintain a *Monell* claim. But because the Court's dismissal of Plaintiff's false arrest claim was without prejudice, Plaintiff may still ultimately show a constitutional violation. Accordingly, the Court dismisses Plaintiff's *Monell* claim without prejudice because Plaintiff may be able to plead additional facts to support his claim. *Cato*, 70 F.3d at 1106.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 15), is **GRANTED**. Plaintiff shall have 21 days from the date of this Order to file an amended complaint. Any amended complaint should remedy the deficiencies identified in this Order. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's false arrest and *Monell* claims with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Sur-Reply, (ECF No. 22), is **DENIED**.

**DATED** this __5__ day of January, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT