Sevag Sagherian
12763 Silver Satin Street
Henderson, Nevada 89044
Telephone: (702) 355-9755
sevagsagherian@gmail.com

Plaintiff in Propria Persona



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

SEVAG SAGHERIAN,

Plaintiff,

vs.

DENZELL JONES; F. GIBSON; CITY OF HENDERSON.

Defendants.

Case No.: 2:23-cv-00497-GMN-DJA

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

Plaintiff SEVAG SAGHERIAN ("Plaintiff") alleges the following for his Complaint against Defendants DENZELL JONES ("Officer Jones"), F. GIBSON ("Officer Gibson"), and the CITY OF HENDERSON (collectively "Defendants"):

### INTRODUCTION

1. Plaintiff brings this action against Defendants pursuant to 42 U.S.C. § 1983 for deprivation of Plaintiff's federal constitutional rights.

2. Plaintiff seeks compensatory damages, attorneys' fees if applicable, and costs of suit.

-1-

## PARTIES

3. Plaintiff is, and at all times mentioned herein was, an individual residing within the City of Henderson, State of Nevada.

4. Defendant Officer Jones, at all times mentioned herein, was employed as a police officer by the City of Henderson, and was acting within the course, scope, and official capacity of such employment in doing each of the acts alleged herein.

5. Defendant Officer Gibson, at all times mentioned herein, was employed as a police officer by the City of Henderson, and was acting within the course, scope, and official capacity of such employment in doing each of the acts alleged herein.

6. Defendant City of Henderson is, and at all times mentioned herein was, a municipal corporation duly organized and operating as such within Clark County, Nevada.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this action under 42 U.S.C. § 1983.

8. This Court has personal jurisdiction over Defendant Officer Jones and Defendant Officer Gibson because they reside within Clark County, Nevada, and all the acts complained of herein occurred within Henderson, Nevada.

9. This Court has personal jurisdiction over Defendant City of Henderson because it is a municipal corporation organized, existing, and operating within Clark County, Nevada.

10. The District of Nevada, Las Vegas Division, is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because all the acts or omissions giving rise to Plaintiff's claims occurred within the City of Henderson, Clark County, Nevada.

## FIRST CLAIM AGAINST DEFENDANTS JONES AND GIBSON
(Deprivation of Constitutional Rights Under 42 U.S.C. § 1983)

11. Plaintiff and his ex-wife, Mary Sagherian ("Mary"), at all times mentioned herein, had joint, shared custody of their two minor sons. On April 4, 2021 (Easter Sunday), the minor sons were at Plaintiff's residence pursuant to the shared custody agreement. Mary texted Plaintiff via a court approved "Talking Parents" app and asked if their younger son, (M.S.) could spend some time with her that day because she was alone on Easter. Plaintiff agreed and M.S walked about 5 minutes to Mary's home in the same neighborhood.

12. Mary agreed to return M.S. to Plaintiff within a few hours because Plaintiff had plans to take his sons out to a restaurant later for Easter dinner.

13. Plaintiff subsequently attempted to contact M.S. on his cell phone but got no reply throughout the day and night. Plaintiff texted Mary via the court approved Talking Parents app. Mary made several excuses as to why M.S. was not responding to Plaintiff. She seemed unwilling to assist and stopped communicating with Plaintiff.

14. After still not receiving any response from M.S. or Mary the next day, and with no other legal means to determine the well-being of M.S., Plaintiff finally called the non-emergency phone number of the Henderson Police Department. Plaintiff informed the dispatcher of his concern for M.S. and requested a wellness check. Plaintiff informed the dispatcher, including Officer Jones, that there was a Protective Order between him and his ex-wife Mary, and that he did not want to violate the Protective Order by going to her residence. Officer Jones told Plaintiff that he (Officer Jones) could call Mary or go to her residence and have M.S. contact Plaintiff via a video call.

15. Officer Jones and Officer Gibson went to Mary's residence and were told by Mary that Plaintiff was harassing her by contacting the police. Officer Jones and Officer Gibson then went to Plaintiff's residence, entered his home, and arrested him for calling the police—which supposedly violated the Protective Order in some manner.

16. Plaintiff was completely surprised and couldn't believe he was being arrested for calling the police to check on his son's safety and welfare. Plaintiff thought there must be some mistake or misunderstanding by Officer Jones and Officer Gibson and he asked them why he was being arrested. Officer Jones became irritated and suddenly kicked Plaintiff's legs open and said "stop resisting". This was done in front of Plaintiff's other minor son who screamed in shock and disbelief. Plaintiff was handcuffed in front of this minor child then taken outside and placed in the officers' marked patrol car in view of their neighbors.

17. Plaintiff was booked into custody at the Clark County Detention Center and held until the following day. He subsequently pleaded nolo contendere to violating the Protective Order to avoid a possible jail sentence and missing another day of work. However, adjudication was stayed on the condition that Plaintiff successfully complete a term of probation, pay a fine, and perform community service, which he did. Subsequently, the charge was dismissed with prejudice and no conviction was entered.

18. The actual charge by the City of Henderson prosecutor was that Plaintiff *"Did call and/or text Mary Sagherian one or more times, after ordered not to by an Extended Protective Order."* However, neither Mary nor the police ever claimed that Plaintiff called Mary. Plaintiff and Mary did text through a court approved Talking Parents app, which Mary told Officer Jones and Officer Gibson was authorized by a judge. Plaintiff was never charged with violating the Protective Order by contacting the police.

-4-

19. At all times mentioned herein, Plaintiff possessed federal constitutional rights to be free from unreasonable seizure and arrest without probable cause under the Fourth Amendment to the United States Constitution. Such rights were violated by Defendant Jones and Defendant Gibson by arresting Plaintiff without probable cause and incarcerating him in the Clark County Detention Center.

20. Plaintiff did not contact Mary in violation of the Protective Order. Plaintiff called the police to do a wellness check of his minor son. No reasonable police officer would have believed that Plaintiff had violated the Protective Order or believed they had probable cause to arrest Plaintiff under these circumstances. Plaintiff did not request that the police make any contact or communication whatsoever with Mary. Instead, Officer Jones told Plaintiff that he (Officer Jones) could contact Plaintiff's minor son, M.S., and have him make a video call to Plaintiff.

21. Plaintiff had real and reasonable cause to be concerned about the safety and well-being of M.S when he called the police for a welfare check because both Plaintiff's daughter and M.S. had previously suffered serious physical injuries on two separate occasions while in Mary's custody, and Mary had deliberately concealed or failed to notify Plaintiff of the injuries.

22. Officer Jones and Officer Gibson were acting under color of law as police officers of the City of Henderson in the course and scope of their official duties while doing each of the acts complained of herein.

23. The actions of Officer Jones and Officer Gibson in arresting Plaintiff as alleged herein were unreasonable, unjustified, and without probable cause because Plaintiff did nothing which violated the Protective Order.

24. The wrongful actions of Officer Jones and Officer Gibson as alleged herein caused Plaintiff great humiliation, shame, embarrassment, mental and physical anguish, and subjected Plaintiff to danger of great bodily harm or death by being wrongfully detained in the Clark County Detention Center with dangerous criminals. Plaintiff was incarcerated in a cell with other inmates during the COVID-19 pandemic. Plaintiff lost wages and was wrongfully required to pay a fine and to perform many hours of community service, among other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for compensatory damages against each of the Defendants in the amount of at least $500,000.00, attorneys' fees if applicable, court costs, and such other and further relief as this Court may deem just and appropriate.

## **JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

DATED: January 26, 2024                    Respectfully submitted,

_____
Sevag Sagherian, Plaintiff

## **CERTIFICATE OF SERVICE**

I am over 18 years old and not a party to this action.

I hereby certify that the foregoing document was served on each of the parties below via electronic service through the CM/ECF:

    Nicholas Vaskov, Esq.
    City Attorney
    240 Water Street, MSC 144
    Henderson, NV 89015
    brian.anderson@cityofhenderson.com

    (<u>Parties served</u>: Denzell Jones, F. Gibson, City of Henderson)

Dated: January 26, 2024

                                                               Krikor Sagherian