UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEVAG SAGHERIAN, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CITY OF HENDERSON, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:23-cv-00497-GMN-DJA <br><br> **ORDER DENYING DEFENDANTS' THIRD MOTION TO DISMISS** |

Pending before the Court is Defendants Officer Denzell Jones and Officer F. Gibson's Second and Third Motions to Dismiss,[1] (ECF Nos. 26, 30). Plaintiff Sevag Sagherian filed a Response, (ECF No. 31), to which Defendants filed a Reply, (ECF No. 32).

For the reasons discussed below, Defendants' Third Motion to Dismiss is **DENIED** and Second Motion to Dismiss is **DENIED as moot**.

I. **BACKGROUND**

This case arises from Plaintiff's contention that Defendants Officer Jones and Officer Gibson arrested him without probable cause after he contacted his ex-wife, Mary Sagherian, in violation of an Extended Protected Order ("EPO").[2] (*See generally* First. Am. Compl. ("FAC"),

---

[1] Defendants' Second Motion to Dismiss noted that Plaintiff did not sign his First Amended Complaint, (ECF No. 25), and argued the Court should strike the filing under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 11(a). (Second Mot. Dismiss 1:26–28, ECF No. 26); *see* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). Plaintiff, likely recognizing this error, promptly filed his signed First Amended Complaint, (*Compare* First Amended Complaint at ECF No. 28 *with* ECF No. 25). Because Defendants do not raise any other procedural arguments regarding Plaintiff's First Amended Complaint, the Court considers Plaintiff's most recent First Amended Complaint and Defendant's Third Motion to Dismiss as the operative filings. Accordingly, the Court DENIES as moot Defendant's Second Motion to Dismiss, (ECF No. 26).

[2] The Court takes judicial notice of the EPO issued by the Superior Court of California, County of Los Angeles that is attached to Defendant's First Motion to Dismiss. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that courts "may take notice of proceedings in other

ECF No. 28). Plaintiff and Mary share custody of their two minor sons. (*Id.* ¶ 11). Pursuant to the EPO, Plaintiff is only allowed to contact Mary through a court approved "[T]alking Parent" app. (*Id.*); (*see* EPO at 1, Ex. 3 to First Mot. Dismiss, ECF No. 15-1) (otherwise prohibiting "personal, electronic, telephonic, or written contact" with Mary). The EPO further provides that Plaintiff "must have no contact with [Mary] . . . through a third party . . . ." (EPO at 1, Ex. 3 to First Mot. Dismiss). The specific facts underlying Plaintiff's arrest as alleged in Plaintiff's FAC are as follows.

On April 4, 2021, Plaintiff dropped his younger son, M.S., off at Mary's residence for a few hours. (*Id.* ¶ 12). Throughout the day, Plaintiff "attempted to contact [M.S.] on his cell phone but got not reply throughout the day and night." (*Id.* ¶ 13). Plaintiff alleges that he contacted Mary through the Talking Parent app to inquire why M.S. was not responding, but Mary "made several excuses" before she ceased communicating with Plaintiff. (*Id.*).

Plaintiff then contacted the Henderson Police Department and requested a wellness check on M.S. (*Id.* ¶ 14). Plaintiff asserts that he informed Officer Denzell Jones of the EPO and explained that he did not want to violate the EPO by going to Mary's residence. (*Id.*). Officer Jones allegedly told Plaintiff that "he (Officer Jones) could call Mary or go to her residence and have [M.S.] contact Plaintiff via a video call." (*Id.*). Plaintiff requested that Officer Jones go to Mary's residence. (*Id.*). Officer Jones and Officer Gibson went to Mary's residence, where she allegedly informed them that "Plaintiff was harassing her by contacting the police." (*Id.* ¶ 15). Officer Jones and Officer Gibson then went to Plaintiff's residence and arrested him for violating the EPO. (*Id.*).

Plaintiff was charged with Violation of an Extended Protective Order under NRS 33.100 in state court for "call[ing] and/or text[ing] Mary Sagherian one or more times, after ordered

---

courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

not to by an [EPO]."[3] (Criminal Compl. at 1, Ex. 2 to Mot. Dismiss, ECF No. 15-2). Plaintiff chose to "plead[] nolo contendere to violating the EPO in order to avoid a possible jail sentence and missing another day of work."[4] (FAC ¶ 17). Adjudication of his charge was "stayed on the condition that Plaintiff successfully complete a term of probation, pay a fine, and perform community service, which he did." (*Id.*). The charge was then dismissed and no conviction was entered. (*Id.*).

Plaintiff subsequently filed this lawsuit, alleging claims for false arrest in violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 because Officer Jones and Officer Gibson purportedly arrested him without probable cause. (*See generally* Compl.). The Court granted Defendants First Motion to Dismiss, finding that Plaintiff had not adequately pleaded facts meeting the elements of his false arrest claim but gave Plaintiff leave to amend. (Order Granting First Mot. Dismiss 5:4–7:10, ECF No. 24). Defendants now move to dismiss Plaintiff's FAC. (Third Mot. Dismiss, ECF No. 20).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[3] The Court also takes judicial notice of the state-court criminal complaint attached to Defendants' First Motion to Dismiss. *See Borneo, Inc.*, 971 F.2d at 248.
[4] The Court further takes judicial notice of Plaintiff's state-court nolo contendere plea. (Nolo Contendere Plea at 1, Ex. 3 to First Mot. Dismiss, ECF No. 15-3); *see Borneo, Inc.*, 971 F.2d at 248.

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

///

## III. DISCUSSION

Defendants now move to dismiss Plaintiff's false arrest claim for three reasons.[5] (*See generally* Third Mot. Dismiss). First, Defendants contend that Plaintiff failed to state a claim upon which relief can be granted. (*Id.* 5:16–6:15). Second, Defendants argue that even if Plaintiff adequately alleged a false arrest claim, they are nevertheless entitled to qualified immunity. (*Id.* 10:10–12:7). Finally, Defendants aver that Plaintiff is judicially estopped from contending that Defendants arrested him without probable cause because of his nolo contendere plea. (*Id.* 8:13–9:23). The Court begins by examining whether Plaintiff alleged a claim upon which relief can be granted.

### A. Failure to State a Claim

Defendants argue that Plaintiff's allegations fail to state a claim for false arrest for two reasons. First, Defendants aver that Defendants were entitled to rely on Mary's representation that the EPO was violated because she was a reliable source of information regarding the EPO's terms. (*Id.* 5:16–6:15). Second, Defendants advance that Plaintiff's FAC tacitly

---

[5] Defendants also contend that the City of Henderson, a party named in Plaintiff's Complaint but voluntarily dismissed from Plaintiff's FAC, (Not. Voluntary Dismissal, ECF No. 30), should be dismissed with prejudice or found to be the prevailing party. (Third Mot. Dismiss 9:24–10:9). Fed. R. Civ. P. 41(a)(1) governs voluntary dismissal of actions by a plaintiff and provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal or, where the defendant has answered or moved for summary judgment, a stipulation of dismissal signed by all the parties that have appeared in the action. Fed R. Civ. P. 41(a)(1)(A). "[A] voluntary dismissal is presumed to be 'without prejudice' unless it states otherwise, but a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims." *Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999). This rule is known as the "two-dismissal rule." *Id.*; *see* Fed. R. Civ. P. 41(a)(1)(B) ("[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."). Because Defendants filed three motions to dismiss, and not an answer or motion for summary judgment, Plaintiff is entitled to voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See Scott v. Moniz*, No. 14-cv-5684, 2014 WL 7156891, at *2 (W.D. Wash. Dec. 15, 2014) ("The fact that defendant has a Fed. R. Civ. P. 12(b)(6) motion pending at the time plaintiff files a notice of voluntary dismissal has no effect on plaintiff's absolute right to a voluntary dismissal without prejudice."). Moreover, because the Court merely dismissed Plaintiff's Complaint with leave to amend before Plaintiff voluntarily dismissed, (Order Granting First Mot. Dismiss), Defendants have not demonstrated they are the prevailing party or that the two-dismissal rule is otherwise implicated. Accordingly, the City of Henderson is dismissed from this action without prejudice.

concedes that a violation of the EPO occurred because by requesting law enforcement to conduct a wellness check on Mary's home, Plaintiff violated the EPO by indirectly contacting Mary through a third party. (*Id.* 6:16–7:8). In response, Plaintiff avers that Defendants' argument ignores his allegations that he communicated with Mary through the court-approved Talking Parent app, (Resp. 2:6–14, ECF No. 31), and that "'no prudent person' with 'reasonable caution' would have concluded that Plaintiff calling the police for a wellness check for his minor son would constitute 'harassment' of Mary in violation of the [EPO]." (*Id.* 6:1–5).

A claim for unlawful arrest is "cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. Cty. & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001). Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been committed by the person being arrested. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam).

When officers make an arrest based on an alleged violation of a court order, they have an obligation to familiarize themselves with the precise terms of the order before doing so. *See, e.g.*, *Beier v. City of Lewiston*, 354 F.3d 1058 (9th Cir. 2004). In *Beier*, the plaintiff sued the police officer for false arrest after he was arrested for violating a civil protection order. *Id.* at 1066. The facts indicated the police officers had not read the protection order to determine its terms. *Id.* at 1062. In fact, the officers "knew nothing about the terms of the order other than what, if any [Beier's ex-wife] told them." *Id.* at 1063. While the police officers did confirm the issuance and service of the protection order, they never inquired about the order's terms. *Id.* Beier was charged with violating the civil protection order, resisting arrest, and malicious injury to property. *Id.* All charges were subsequently dismissed by the prosecutor. *Id.* After reading the terms of the protection order, the Ninth Circuit found the officers lacked probable cause to arrest the plaintiff because there was "simply no viable reading of the order pursuant to

which Beier was in violation. The officers therefore had no objective basis to arrest Beier for violating the protection order." *Id.* at 1068. Considering the totality of the circumstances, "any prudent officer would have concluded that there was no fair probability that Beier had committed a crime." *Id.* The officers' reliance on the ex-wife's understanding and interpretation of the protection order as relayed to the officers could not form the basis for probable cause. This ruling is consistent with Ninth Circuit precedent holding that good faith on the part of arresting officers is not enough. *Lemons v. United States*, 390 F.2d at 346, 349 (9th Cir. 1968).

Plaintiff's FAC alleges that Defendants arrested him after Mary informed them that he violated the terms of the EPO. (FAC ¶¶ 15–16). *Brier* establishes that Defendants were not entitled to rely solely on Mary's representation of the EPO's material terms to arrest Plaintiff if there was no objective basis for concluding that he committed a crime. *Beier*, 354 F.3d at 1066–67. So, the Court's inquiry turns to whether Plaintiff's FAC lends itself to the inference that he committed a violation of the EPO.

Construing the facts in Plaintiff's favor, as the Court must at this stage, Plaintiff's actions could not reasonably be perceived as violating the EPO. According to Plaintiff, he only talked with Mary through the court approved Talking Parents app. (FAC ¶ 18). He disclosed to Officer Jones the existence of the EPO and explained that he did not want to violate the EPO by going to Mary's residence. (*Id.* ¶ 14). He requested that Officer Jones execute a wellness check to verify the wellbeing of his *son*, which Officer Jones agreed to conduct even after being told of the EPO. (*Id.*). As Plaintiff's Response articulates, adopting Defendants' argument would result in all wellness checks or other emergency requests resulting in a violation of a protective order. (Resp. 3:13–4:22). This would produce absurd results where a former spouse could be arrested for alerting the fire department that a fire broke out at his ex-spouse's house where his

///

kids were staying.[6]  Taken together, Plaintiff was upfront about the existence of the EPO and only attempted to verify the wellbeing of his son, not communicate with or harass Mary.  In this case, requesting law enforcement to conduct a wellness check did not facially violate the EPO.

In sum, Plaintiff's conduct did not violate the terms of the EPO.  According to Plaintiff, Defendants arrested him based solely on Mary's representation of the terms of the EPO without ascertaining the material terms of the order.  Like in *Brier*, Defendants were not entitled to rely only on Mary's understanding and interpretation of the EPO, and thereby arrested Plaintiff without probable cause.  Therefore, Defendants' Third Motion to Dismiss is DENIED on this basis.

### B. Qualified Immunity

To argue qualified immunity, Defendants broadly assert that Plaintiffs cannot show that they violated a clearly established right. (Third Mot. Dismiss 10:10–12:7).  The Court disagrees.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted).  Thus, to overcome a claim of immunity, Plaintiffs must plead "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  A right is "clearly established" when "'[t]he contours of [a]

---

[6] To be sure, requesting wellness checks (or other emergency services) can become a vehicle of harassment that violates a temporary protective order and officers may be justified in arresting the offending party for violating the temporary protective order.  For example, a frivolous request can be reasonably perceived as harassment of the former spouse rather than for the care and protection of children.  In this case, based only on the allegations in the FAC, Plaintiff disclosed the existence of the EPO to law enforcement to ensure his compliance with the court order, and did not provide facts in the FAC which would reveal an ulterior motive of harassment.  In short, whether a wellness check facially violates a temporary protective order is a fact intensive inquiry not suitable for resolution at this stage of litigation.

right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1130 (9th Cir. 2017) (quoting *al-Kidd*, 563 U.S. at 741).

Although courts may consider a qualified immunity defense raised in a motion to dismiss, determining claims of qualified immunity at this stage "raises special problems for legal decision making." *NAACP of San Jose/Silicon Valley v. City of San Jose*, 562 F. Supp. 3d 382, 395 (N.D. Cal. 2021) (quoting *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018)). "On the one hand, [courts] may not dismiss a complaint making a claim to relief that is plausible on its face." *Keates*, 883 F.3d at 1234 (internal quotation marks omitted). "But on the other hand, defendants are entitled to qualified immunity so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 1234–35 (internal quotation marks omitted).

Foremost, a "qualified immunity analysis often turns on the specific facts of each alleged violation," facts that are not yet developed before the Court. *See NAACP of San Jose/Silicon Valley*, 562 F. Supp. 3d at 396. Regardless, taking Plaintiff's allegations as true and with all inferences in his favor, the Court finds Defendants are not entitled to qualified immunity at this time because the circumstances have been addressed in previously existing and binding caselaw. Under Ninth Circuit case law, officers lack legal authority to arrest a person for violating a provision of a protection order if the person's conduct, as reasonably perceived by the officers, does not violate any provision in the protection order. *Beier*, 354 F.3d at 1066–67. To determine whether a person's conduct violates any provision in a protection order, the officers must ascertain the terms of the protection order. *Id*. The court has reiterated this holding, *Frunz v. City of Tacoma*, 468 F.3d 1141, 1145 (9th Cir. 2006), and reached a

///

similar holding concerning search warrants. *Marks v. Clarke*, 102 F.3d 1012 (9th Cir. 1996), *as amended on denial of reh'g* (Feb. 26, 1997); *Guerra v. Sutton*, 783 F.2d 1371 (9th Cir. 1986).

Unlike *Beier*, Defendants are not alleged to have ascertained the terms of the EPO. (*See generally* FAC). Instead, they relied solely on the statements of Mary and arrested Plaintiff for violating what she said was prohibited by the EPO. (*Id.*). And for the reasons set forth above, Plaintiff's conduct could not be reasonably perceived as violating a provision of the EPO. Taken together, when the facts are viewed in Plaintiffs' favor, they are comparable to those examined by Ninth Circuit authority and should have put Defendants on notice of the potential unconstitutionality of their actions. Accordingly, the Court DENIES Defendants' Motion as to the qualified immunity defense. This ruling does not preclude Defendants from raising qualified immunity at a later stage in this litigation. *See NAACP of San Jose/Silicon Valley*, 562 F. Supp. 3d at 396 ("[T]he court finds that the qualified immunity arguments are better suited to summary judgment.").

**C. Judicial Estoppel**

Despite Plaintiff adequately alleging a false arrest claim, Defendants advance that Plaintiff is nevertheless judicially estopped from asserting this claim because of his nolo contendere plea to the underlying charge. (Third Mot. Dismiss 8:13–9:23). In response, Plaintiff contends that Defendants cannot use his nolo plea against him in this civil action pursuant to Federal Rule of Evidence ("Fed. R. Evid.") 410. (Resp. 8:24–9:14). Plaintiff further argues that even if the Court considers his nolo plea, his claim does not fail because he did not admit to any facts demonstrating probable cause in his plea. (*Id.* 9:14–23).

The Court first examines whether Plaintiff's nolo contendere plea can be introduced in this matter. Because the Court finds that it can, the Court then determines whether he is judicially estopped from bringing his false arrest claim.

///

### 1. Rule 410

Defendants argue that Plaintiff waived any objections to the admissibility of his nolo plea under Rule 410 by virtue of bringing this civil rights claim based on his underlying criminal conviction. (Reply 6:3–16, ECF No. 32).

A plea of nolo contendere "is a special creature under the law," and "is not an admission of factual guilt." *United States v. Nguyen*, 465 F.3d 1128, 1130 (9th Cir. 2006) (citing *North Carolian v. Alford*, 400 U.S. 25, 36 (1970)). Rather, "[i]t merely allows the defendant so pleading to waive to a trial and to authorize the court to treat him as if he were guilty," and for these reasons, "the nolo plea does not bear the same indicia of reliability as a guilty plea when used as evidence of underlying culpability." *Id.* at 1131–32. Thus, "[a] conviction resulting from a nolo contendere plea under these circumstances is not by itself sufficient evidence to prove a defendant committed the underlying crime." *Id.* at 1132.

Fed. R. Evid. 410 provides that statements made during a proceeding on a plea are inadmissible against the defendant, even if the plea is later withdrawn. Rule 410, by its very terms, extends protection to evidence of "(1) a guilty plea that was later withdrawn; (2) a nolo contendere plea; [and] (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure." Fed. R. Evid. 410.

The Ninth Circuit has not explicitly decided in a published decision whether Rule 410 precludes admission of a nolo contendere plea in a subsequent civil action brought by a defendant in the underlying criminal case. Nonetheless, several district courts in this Circuit have concluded a nolo contendere plea is not used "against the defendant" within the meaning of Rule 410 in subsequent civil actions and therefore admitted the plea (or facts stipulated to during the process of a no contest plea) based on out-of-circuit authority. *See, e.g.*, *King v. Villegas*, 2023 WL 4627687, at *7 (E.D. Cal. 2023) (collecting cases); *Galvan v. City of La Habra*, 2014 WL 1370747, at *9–12 (C.D. Cal. Apr. 8, 2014) ("The weight of authority in this

Circuit, however, supports the proposition that the use of a nolo contendere plea in a later civil action is permissible as it is not being used 'against the defendant' within the meaning of [Fed. R. Evid.] 410."); *Wetter v. City of Napa*, 2008 WL 62274, at *3 (N.D. Cal. Jan. 4, 2008) (rejecting argument that Rule 410's "against the defendant" language precludes a *nolo* plea from being considered in the court's *Heck v. Humphrey*, 512 U.S. 477 (1994) analysis).

The Court agrees with the weight of authority in this Circuit suggesting nolo contendere pleas, and the factual material considered as part of the factual basis for the plea, may be admitted in a subsequent civil action. *See, e.g.*, *Briseno v. City of W. Covina*, 2023 WL 2400833, at *1 (9th Cir. Mar. 8, 2023) (finding that plaintiff's excessive force claim was *Heck*-barred based on no contest plea). Having determined that Plaintiff's nolo plea is admissible, the Court next examines whether his plea defeats his false arrest claim.

### 2. Judicial Estoppel

Defendants contend that Plaintiff's nolo plea is inconsistent with his current position that his arrest was unlawful, and he is judicially estopped from bringing his wrongful arrest claim. (Third Mot. Dismiss 8:14–9:23).

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). "Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'" *Wagner v. Pro. Eng'rs in Cal. Gov.*, 354 F.3d 1036, 1044 (9th Cir. 2004) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). In considering whether to invoke the doctrine, courts are informed by three main considerations: (1) whether the party's new position is clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to accept that earlier position; and (3) whether the party would derive an

unfair advantage over the opposing party, or impose an unfair detriment upon it, if the doctrine were applied. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

The Ninth Circuit has not directly addressed this issue. Courts within and outside the Ninth Circuit have considered what facts were admitted as part of the plaintiff's nolo plea. If the plaintiff stipulated or admitted to facts[7] demonstrating probable cause, he or she is judicially estopped from bringing a false arrest claim. *See, e.g.*, *Bradford v. Wiggins*, 516 F.3d 1189, 1195 (10th Cir. 2008) (finding judicial estoppel following a no-contest plea because the defendant explicitly admitted at the plea colloquy to facts establishing disorderly conduct); *Thore v. Howe*, 466 F.3d 173, 187 (1st Cir. 2006) (same); *see also Caylor v. City of Seattle*, No. 11-cv-1217, 2013 WL 1855739, at *8 (W.D. Wash. Apr. 30, 2013) (emphasizing that a "plea itself is not dispositive, and that the circumstances in which the plea was made are critical"). This is because it is inherently inconsistent for a plaintiff to concede there was probable cause to gain the benefit of a plea in a criminal matter but then argue there was no probable cause supporting the arrest in a § 1983 action.

Conversely, if the plaintiff's nolo plea admitted no facts, or did not contain an admission from plaintiff that officers had probable cause to arrest him, then the doctrine of judicial estoppel does not apply. *See Cooper v. City of Newport*, No. 05-cv-6303, 2006 WL 508319, at *6 (D. Or. Feb. 28, 2006) (noting that plaintiff agreed as part of his no contest plea that the state could prove facts constituting each element of his charged offense but finding he was not estopped from bringing a false arrest claim because "[h]is plea and petition did not address the issue of whether officers . . . had probable cause to arrest him when they did"); *Lull v. Cnty. of Sacramento*, No. 2:17-cv-1211, 2020 WL 5495279, at *4 (E.D. Cal. Sept. 11, 2020) (same); *Caylor*, 2013 WL 1855739, at *8 (same). It is not inherently inconsistent for a plaintiff to

---

[7] For example, those contained in a police report, a separate document containing factual basis for plea, or those admitted at a plea colloquy.

contest probable cause in a civil matter because their nolo plea allowed them "to obtain the advantage of a guilty plea . . . without admitting anything." *Caylor*, 2013 WL 1855739, at *8.

Here, Plaintiff's nolo plea did not admit to any specific facts, but broadly acknowledged that the prosecution could "prove the charge[s] against [him]." (Nolo Plea at 3, Ex. 3 to First Mot. Dismiss). Thus, Plaintiff's plea did not address whether Defendants had probable cause to arrest him when they did. At least one district court found judicial estoppel was not appropriate under these exact circumstances. *See Cooper*, 2006 WL 508319, at *6.

Nevertheless, the Court is mindful that by taking a nolo plea, Plaintiff took away the state court's ability to evaluate whether Defendants had probable cause to arrest him. Indeed, if Plaintiff believed Defendants lacked probable cause to arrest him, a compelling argument could be made that he should have raised this challenge in the criminal proceeding, or else waive it in a collateral § 1983 action. *See, e.g.*, *Roesch v. Otarola*, 980 F.2d 850, 853 (2d Cir. 1992) ("A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim."); *Gripp. v. Cnty. of Siskiyou*, No. 2:14-cv-2128, 2015 WL 6437684, at *4 (E.D. Cal. Oct. 21, 2015) ("If plaintiff's position was that excessive force was used during his arrest, which could have justified resisting rendering the arrest invalid, that issue should have been addressed by the state court during those proceedings."). As the Tenth Circuit observed, to allow Plaintiff to accept the benefit of his plea which was ultimately held in abeyance and then dismissed "and, in the next breath, sue for civil damages stemming from [his] arrest for crimes [he] allegedly committed would clearly undermine the integrity of the judicial system." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1070 (10th Cir. 2005).

Both sides make strong arguments that are well-taken by the Court. But in considering the arguments, the Court finds that Plaintiff has the better of the two. "Although judicial estoppel has been applied to no contest pleas, the courts to do so consistently 'emphasized that

a plea itself is not dispositive, and that the circumstances in which the plea was made are critical.'" *Lull*, 2020 WL 5495279, at *4 (quoting *Caylor*, 2013 WL 1855739, at *8). Here, Plaintiff's nolo plea contained no factual admissions demonstrating that Defendants had probable cause to arrest him. Because Plaintiff's plea did not address whether Defendants had probable cause to arrest him, and Defendants have not introduced facts admitted by Plaintiff in the criminal proceeding to support a finding of probable cause, the Court finds it is not inconsistent for Plaintiff to bring his false arrest claim. Therefore, the Court finds that the judicial estoppel doctrine is not applicable. Accordingly, the Court DENIES Defendants Third Motion to Dismiss on this basis.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Third Motion to Dismiss, (ECF No. 30), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Second Motion to Dismiss, (ECF No. 26), is **DENIED as moot**.

**DATED** this __10__ day of June, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT